UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THOMAS DAYTON,                    )
                                  )
                Plaintiff,        )        Case No. 4:05-cv-75
                                  )
v.                                )        Honorable Robert Holmes Bell
                                  )
JEFFREY A. KABOT et al.,          )
                                  )
                Defendants.       )
_____)

## OPINION

This is a civil action brought by a prisoner incarcerated at the Calhoun County Jail. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

Plaintiff was charged in Calhoun County with larceny in a building and being a fourth habitual offender. Following a preliminary examination in the Calhoun County District Court on

January 18, 2005, Plaintiff was bound over to the circuit court.  Plaintiff received a transcript of the preliminary examination hearing from his attorney on June 30, 2005.  After reviewing his notes from the hearing, Plaintiff concluded that exculpatory testimony given at the preliminary examination had been deleted from the transcript.  Plaintiff maintains that only two people had the "power" to instruct the court recorder to remove selected testimony from the transcript – Marvin Ratner, the district court judge, or Jeffrey Kabot, the assistant prosecuting attorney.  On July 12, 2005, Plaintiff pleaded nolo contendere to the charge of larceny in a building.  In exchange, the prosecutor dismissed the habitual offender charge and recommended a sentence at the low end of the guidelines.  Plaintiff was sentenced on August 8, 2005, to imprisonment of ten months.

For relief, Plaintiff asks the Court to conduct an investigation by comparing the preliminary examination transcript to the actual tape recording from the preliminary examination hearing.

This Court is not an investigative body, nor does it have the authority to investigate state criminal proceedings.  The Court, therefore, cannot grant the type of relief sought by Plaintiff in this case.  Moreover, Plaintiff does not allege or show any harm that resulted from the allegedly altered preliminary examination transcript.  The district court relied upon the live hearing testimony in making its decision to bind Plaintiff over to district court on the felony charge.  Thereafter, Plaintiff pleaded *nolo contendere* to the charge of larceny in a building.  To the extent Plaintiff asserts a violation of his federal rights, his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the

conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Accordingly, Plaintiff's § 1983 action would be barred under *Heck* until his criminal conviction has been invalidated.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:     September 14, 2005          /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE